## No. 8182.
## First Circuit Appeal.

### ALFRED HARRIS v. A. CRECO ET AL.

(December 30, 1924, Opinion and Decree).

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Appeal.—Par. 749.**
Where a case is dismissed on an exception no cause of action and plaintiff clearly had an action under Civil Code, Art. 2315, the case will be reversed and remanded for trial on the merits.

Appeal from the 20th Judicial District Court, Parish of Terrebonne, Hon. Robert B. Butler, Judge.

This is a suit to recover the value of a horse illegally sold by a constable.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and remanded.

Charles J. Mundy, of Thibodaux, attorney for plaintiff, appellant.

Harris Gagne, of Thibodaux, attorney for defendant, appellee.

ELLIOTT, J. Alfred Harris alleges in a petition signed "Charles Mundy, Attorney in Fact," that A. Creco and F. W. Ross, Constable of the 8th Ward, Parish of Terrebonne, are endebted unto him in the sum of $150.00 as the value of a horse and in the further sum of $150.00 as damages for the loss of the use and service of the horse. That defendant A. Creco caused the other defendant, W. F. Ross, in his capacity of Constable, to seize and sell the horse, well knowing at the time that it belonged to plaintiff; that the sale was illegal and without excuse, etc.

The plaintiff cannot be required as a matter of law to undertake the recovery of the horse; he has the right to let the sale stand and bring an action against those who illegally took it away from him for the value of the same and for the use and

service of which he has been deprived. "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it," C. C., Art. 2315.

Defendants Creco and Ross filed exceptions to plaintiff's petition in the lower court and the record shows that they were sustained and the suit dismissed; that is, one or more of them were sustained; the record does not show whether it was one or more; but the suit was dismissed as a result of the exceptions, and the plaintiff has appealed.

The Exceptors have not filed a brief nor otherwise appeared to explain the ruling which dismissed the suit; the plaintiff has filed a brief.

There is a purported power of attorney from Alfred Harris in favor of Charles Mundy in which he is said to authorize him to appear and plead for him, etc., in the above cause and with full power to do all things, etc.

The judgment of dismissal must be reviewed from the face of the petition and the document annexed to it and the exceptions filed thereto.

Looking at the face of the petition and the document annexed to it, we do not think the 1st exception is good for the reason that plaintiff could empower Charles Mundy as he purports to do: The document bears the name of Harris in the place where witnesses sign; but if he signed it there, he consented to it and it is not claimed that Harris did not sign it.

As for the 2nd exception, the verification is sufficient to sustain the suit under the pleading act.

As for the 3rd exception, the need of other defendants does not appear on the face of the petition.

As for the 4th exception, taking the allegations of the petition to be true, the joinder is justified.

The 5th exception is serious for several reasons. It is likely the one that the lower court sustained and dismissed the suit. Taking all that the petition says to be true, we conclude that it sets forth a cause of action under the law C. C., Art. 2315 and 2324.

The 6th does not justify the dismissal without opportunity to amend. We find in conclusion that on the face of the papers the judgment dismissing the suit was erroneous.

It is, therefore, ordered adjudged and decreed that the judgment appealed from be annulled, avoided and set aside and it is now ordered that the suit be returned to the lower court; and to the docket thereof for further proceedings as the law provides. That the cost of the appeal be paid by defendants and appellees; that of the lower court to abide the final result of the case.